# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-892V
Filed: January 26, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| KATHLEEN KUNKA, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

Howard D. Mishkind, Mishkind Law Firm Co., L.P.A., Beachwood, OH, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 27, 2016, Kathleen Kunka ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged a flu vaccine on September 28, 2013, she suffered peripheral neuropathy. Petition at ¶¶ 2-3. On November 28, 2016, petitioner moved for a dismissal decision, and a Decision dismissing the petition was issued that same day.

On December 21, 2016, petitioner filed a motion for attorneys' fees and costs, requesting $9,630.00 in attorneys' fees, $844.80 in attorneys' costs, and $86.45 in petitioner's costs, for a

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

total fees and costs request of $10,561.25.[3]  Petitioner's ("Pet.") Motion ("Mot."), Ex. 1, at 2; Pet. Mot., Ex. A, Petitioner's Affidavit.  Respondent did not file a response to petitioner's motion.

## I. Attorneys' Fees and Costs

Section 15(e) of the Vaccine Act governs attorneys' fees.  42 U.S.C. § 300aa-15(e).  When awarding compensation on a petition, the special master "shall also award" reasonable attorney's fees and costs.  Id. at §15(e)(1)(A)-(B).  Even when compensation is not awarded, the special master "may award" reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id. at § 15(e)(1).

"Good faith" is a subjective standard and petitioners are entitled to a presumption of good faith.  Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007); Grice v. Sec'y of Health & Human Servs., 36 Fed. Cl. 114, 121 (1996).  The undersigned finds that this case was brought in good faith.

The Vaccine Act does not define "reasonable basis," and neither the Federal Circuit nor the Court of Federal Claims has defined "reasonable basis" for purposes of fee awards under the Vaccine Act.  Chuisano v. United States, 116 Fed. Cl. 276, 285 (Fed. Cl. 2014).  The Court of Federal Claims has held that the statutory language of 42 U.S.C. § 300aa-15(e)(1)(B) grants the special master "maximum discretion in applying the standard."  Silva v. Sec'y of Health & Human Servs., 108 Fed. Cl. 401, 402 (Fed. Cl. 2012).

Many special masters and Court of Federal Claims judges have determined that the reasonable basis requirement is an "objective consideration determined by the totality of the circumstances."  McKellar v. Sec'y of Health & Human Servs., 101 Fed. Cl. 297, 303 (Fed. Cl. 2011); Chuisano, 116 Fed. Cl. at 286.  In determining reasonable basis, the court looks "not at the likelihood of success, but more to the feasibility of the claim."  Di Roma v. Sec'y of Health & Human Servs., No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993).  Factors to be considered include factual basis, medical support, and the circumstances under which a petition is filed.  Turner, 2007 WL 4410030, at *6-9.  The burden is on petitioner to affirmatively demonstrate a reasonable basis, though "petitioner need not establish entitlement to compensation, or even that a claim is likely to succeed."  McKellar v. Sec'y of Health & Human Servs., No. 09-841V, 2012 WL 362030, at *6-7 (Fed. Cl. Spec. Mstr. Jan 13, 2012), reversed on other grounds, 2012 WL 1884703 (Fed. Cl. 2012).  Petitioner must furnish "some evidence" supporting the claims in the petition, but the evidentiary showing required is less than a

---

[3] Petitioner filed an "Amended Motion for Attorney Fees & Costs" on January 3, 2017, after judgment on the dismissal Decision entered on December 29, 2016.  The amended motion requests the same amounts as the original motion.

2

preponderance of the evidence.  Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660, at *1, 13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013).

      The undersigned finds that a reasonable basis existed for this claim.  Petitioner filed extensive medical records with the petition, as well as her own affidavit and an affidavit from Dr. Jinny Tavee, her treating neurologist.  Pet. Exs. 1, 4-15.  In her affidavit, petitioner stated that she "continue[s] to suffer with ongoing recurrent episodes of tingling/burning on my face and head" and that "[t]he injury continues to cause me considerable pain and disability."  Pet. Ex. 1 at 1.  Dr. Tavee's affidavit stated that "[i]t is my opinion to a reasonable degree of medical certainty that [petitioner's] symptoms have lasted for longer than six (6) months from the onset of the first symptoms and may continue to cause her ongoing symptoms into the indefinite future."  Pet. Ex. 15 at 1.  During the initial status conference on September 29, 2016, however, respondent noted that the medical records filed did not appear to establish that petitioner had experienced residual effects of her alleged vaccine injury for six months.  See Initial Order, filed Sept. 29, 2016.  Petitioner was granted sixty days to file updated medical records establishing six months of symptoms and file an amended petition.  Id.  On November 28, 2016, petitioner filed a motion for a decision dismissing the petition.

      Although petitioner was ultimately unable to secure sufficient evidence that she had experienced six months of symptoms to meet the burden of proof in the Program, petitioner did file affidavits from both petitioner and the treating physician averring that petitioner had experienced symptoms for more than six months.  The lack of documented symptoms in the medical records filed with the petition did not conclusively establish that petitioner did not experience ongoing symptoms, and the affidavits were sufficient to establish a reasonable basis for filing the claim.  Petitioner's motion for attorneys' fees states that "[s]hortly after the filing [of the petition], it was determined that the Petitioner's expert's affidavit was not specific enough to meet the requisite requirements to establish the specific injury alleged to have occurred as a result of the vaccination."  Pet. Mot. at 1-2.  Counsel's billing records indicates that during the sixty days after the initial status conference, counsel attempted to obtain a supplemental affidavit from Dr. Tavee but was ultimately unable to do so.  Pet. Mot., Ex. 1 at 2.  Counsel then promptly advised petitioner of her available options, and filed a motion for a dismissal decision shortly thereafter.  See id.  Accordingly, the undersigned finds that this claim was brought in good faith and with a reasonable basis, and will award attorneys' fees and costs.

### II.      Reasonable Attorneys' Fees and Costs

      The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward

departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). The requirement that attorneys' fees be reasonable also applies to costs. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

      a. **Hourly Rates**

Mr. Mishkind requests a rate of $300 per hour. Pet. Mot. at 2. The undersigned finds the requested rate reasonable. Mr. Mishkind was licensed to practice law in 1980, and therefore has more than 36 years of experience. Pet. Mot., Ex. A, at 1. He has been counsel in a number of vaccine cases, dating back to 1990. Id. Mr. Mishkind also states that attorneys' fees at the rate of $300 per hour were awarded pursuant to stipulation in Stout v. Sec'y of Health & Human Servs., No. 15-469V, 2016 WL 1293896 (Fed. Cl. Spec. Mstr. Mar. 11, 2016). The undersigned notes that the decision issued pursuant to the stipulation in Stout does not indicate the rate awarded, because the total amount was agreed on by the parties. Petitioner did not submit evidence regarding the local rates in Beachwood, Ohio. However, the undersigned notes that a rate of $300 per hour is well below the experience-based forum rate range that Mr. Mishkind would fall into under McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 Wl 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015)(finding a range of $350 to $425 reasonable for attorneys with more than 20 years of experience). Accordingly, the undersigned finds the requested rate reasonable.

      b. **Hours Expended**

Mr. Mishkind requests compensation for 32.10 hours of work performed on this case between March 31, 2016, and November 28, 2016. Pet. Mot., Ex. 1 at 2. On review of counsel's billing record, the undersigned finds the number of hours expended reasonable.

      c. **Costs**

Petitioner requests $844.80 in attorneys' costs and $86.45 in petitioner's costs. Pet. Mot., Ex. 1 at 3; Pet. Mot., Ex. A, Petitioner's Affidavit. The requested costs consist primarily of the filing fee, the cost of obtaining Dr. Tavee's affidavit, and medical record costs. Id. The undersigned finds the requested costs reasonable.

### III.  Conclusion

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds the requested attorneys' fees and costs of $10,561.25 reasonable.

**The undersigned awards attorneys' fees and costs as follows:**

    **(1) A lump sum of $10,474.80 in the form of a check payable jointly to petitioner and petitioner's counsel, Howard D. Mishkind, of Mishkind Law Firm Co., L.P.A., for attorneys' fees and costs.**

    **(2) A lump sum of $86.45 in the form of a check payable to petitioner, for petitioner's costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

    **IT IS SO ORDERED.**

s/Thomas L. Gowen<br>
Thomas L. Gowen<br>
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.